**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The Savannah Homeowners Association, Inc.,
Respondent,

v.

Denise H. Jones and LVNV Funding LLC, Defendants,

Of Whom Denise H. Jones is the Appellant.

Appellate Case No. 2019-000205

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2021-UP-377
Submitted September 1, 2021 – Filed November 3, 2021

**AFFIRMED**

Denise H. Jones, of Charleston, pro se.

Derek Farrell Dean, of Simons & Dean, of Charleston,
for Respondent.

**PER CURIAM:** Denise H. Jones appeals the master-in-equity's (the master's) decree of foreclosure and order of sale. Jones argues the master erred in (1) assessing regime fees billed between June 17, 2016, and May 12, 2017, because

the Charleston County Register of Deeds indicated the Savannah Homeowners Association (the HOA) owned the subject property during that time period, (2) requiring her to pay regime fees because the HOA did not timely communicate with her about the amount owed and discriminated against her by denying direct communication, and (3) requiring her to pay attorney's fees. We affirm.

1. Jones's argument that she was not liable for regime fees between June 17, 2016, and May 12, 2017, because the HOA owned the subject property during this time period is without merit. *See Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 328, 755 S.E.2d 437, 440 (2014) (providing foreclosure actions are actions in equity); *id.* at 328, 755 S.E.2d at 441 ("In an appeal from an action in equity tried by a judge, appellate courts may find facts in accordance with their own views of the preponderance of the evidence."); *id.* ("Appellate courts may decide questions of law with no particular deference to the circuit court's findings."). Initially, we note the master only found Jones liable for regime fees beginning on September 1, 2016, and the HOA did not bill Jones for regimes fees before that date.[1] Further, the master properly found Jones liable for regime fees between September 1, 2016, and May 12, 2017. Although the HOA purchased the subject property in June 2016, the master later vacated the order of sale; therefore, Jones had continuous ownership of the subject property as if the judicial sale never occurred.[2] Accordingly, despite the Register of Deeds' records indicating the HOA owned the subject property until it recorded the May 12, 2017 order vacating the sale, we find Jones was the legal owner and owed regime fees starting on the date of the settlement—September 1, 2016.

2. Jones's argument that she should not be required to pay regime fees and attorney's fees between September 1, 2016, and May 12, 2017, because the HOA, the HOA's attorney, and the property management company failed to communicate with her is meritless because Jones had either actual or constructive notice of her obligation. *See Anderson v. Buonforte*, 365 S.C. 482, 492, 617 S.E.2d 750, 755 (Ct. App. 2005) ("[A] person has actual notice 'where the person . . . either knows of the existence of the particular facts in question or is conscious of having the means of knowing it, even though such means may not be employed by him.'"

---

[1] The record indicates that while the HOA and property management company initially charged Jones regime fees for September through December 2016, Jones's account was subsequently credited one month's regime fees for this time period.

[2] We note Jones continued to reside in the subject property without paying regime fees during the pendency of this case and during the prior HOA-initiated foreclosure action.

(quoting *Strother v. Lexington Cnty. Recreation Comm'n*, 332 S.C. 54, 63 n.6, 504 S.E.2d 117, 122 n.6 (1998))); *id*. ("[C]onstructive notice is . . . notice imputed to a person whose knowledge of facts is sufficient to put him on inquiry; if these facts were pursued with due diligence, they would lead to other undisclosed facts." (quoting *Strother*, 332 S.C. at 63 n.6, 504 S.E.2d at 122 n.6)). Here, Jones has owned and resided in the property since 2001 and has previously paid regime fees; thus, she had notice of her obligation to pay monthly regime fees. Although Jones testified she was not aware of the September 1, 2016 settlement until February 2017, she also testified she knew "something" in late September 2016 when an attorney told her she did not have to leave the property despite the judicial sale in June 2016. Even though the HOA and property management company were not communicating with Jones, the property manager testified the property management company referred all communications to the HOA attorney. Therefore, if Jones had acted with due diligence, she could have discovered from the HOA attorney that she owed regime fees starting in September 2016. Thus, despite the lack of communication between the parties, Jones had constructive notice of her obligation to pay regime fees.

Jones's argument that the HOA discriminated against her by denying direct communication and not ensuring she received pertinent information from its attorney is not preserved for appellate review because it was not raise to or ruled upon by the master. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

3. The master properly held Jones liable for reasonable attorney's fees. *See Wachovia Bank*, 407 S.C. at 328, 755 S.E.2d at 440 (stating foreclosure actions are actions in equity); *id*. at 328, 755 S.E.2d at 441 ("In an appeal from an action in equity tried by a judge, appellate courts may find facts in accordance with their own views of the preponderance of the evidence."). Article X, section 10.7(b) of the HOA's bylaws indicates the HOA is entitled to collect reasonable attorney's fees incurred by the HOA incident to the collection of regime fees. Thus, the master did not err in awarding the HOA reasonable attorney's fees.

**AFFIRMED.**[3]

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.